Johnson, C. J. The second petition filed in this case cannot be considered in the light of an amendment of the first, and therefore the objection, that it is put upon the files without the leave of the court, cannot apply. It is true that the parties are. the same in both petitions, yet the bases of the action are wholly different. In the first, the plaintiff counted upon the note as it was originally executed, and, in the second, he relied- upon an assignment to himself. The ground of the two actions being essentially different, the latter could not be affected by the former without a plea showing that they were, in fact the samé, and setting up the pendency of the one as a bar to the other. The court below, on the 30th of June, 1840, on the motion of the defendant, dismissed the cause for want of a-sufficient bond for costs. On the 1st of July, 1840, the plaintiff moved the court to reconsider the judgment dismissing the cause, which motion was granted. It is insisted that the granting of the reeonside-ration did not so operate as to vacate the judgment, and to restore the cause to the docket. We are clearly of opinion that such was the legal effect of the latter judgment, and, indeed if such had not been the effect in law, the subsequent appearance of the defendant and interposing a defence to the merits, would have amounted to a complete waiver of any right that he might otherwise have claimed under it. The instant the court granted the reconsideration, the case stood as though no decision had been pronounced, and it was then competent to have made the same or a different decision upon the same motion. On the 23d of December, 1840, the following entry appears upon the record, to wit: “And this day, both parties appearing, the defendant, by Paschal, his attorney, filed his affidavit suggesting the death of the plaintiff, whereupon it is considered that this suit abate.” The question that arises here is, whether this entry amounts to a final judgment. Is it merely an erroneous judgment, or is it an absolute nullity, and as such to bo wholly disregarded in the further progress of the suit. The 7th sec. of chap. 1, of the Digest, declares that “ where there is but one plaintiff in an action, and he shall die before final judgment, such action shall not thereby abate, if the cause of action survive to the heirs, devisees, executor, or administrator, of such plaintiff, but such of them as might prosecute the same cause of action may continue such suit, by an order of the court, substituting them as plaintiff therein.” True it is that this statute expressly declares that the action shall not abate by the death, but that it may be prosecuted to final judgment by the representatives of the deceased plaintiff, in case the cause of action be of such a nature as to survive. The notion has been started that, inasmuch as the statute has expressly and emphatically declared that the death shall not abate the suit, therefore the judgment of the court abating it is not simply erroneous, but that it is absolutely null and void. We are free to confess that we cannot fully comprehend the force of this argument. If the court had jurisdiction of the subject matter, and also of the parties, although the decision is in the very teeth of the law, yet it cannot be said, with any degree of propriety, that that circumstance would invalidate the judgment of the court. If it were true that all judgments, that stand in direct opposition to the express letter of the law, are necessarily null and void, it would be difficult, if not utterly impossible, to discover the distinction between such as are erroneous and those that are merely void. We are, therefore, of opinion that the decision of the court below, abating the suit, is a final judgment, and, whether correct or erroneous, binding upon the parties till reversed, and that consequently all the subsequent proceedings are coram nonjudice, and merely void. It is manifest, from this view of the law of this case, that the judgment brought into this court for reversal is a mere nullity, and consequently confers no jurisdiction upon this court. This case must, therefore, be dismissed for the want of jurisdiction.